IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEONARD DENSON, #262 564 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:11-CV-983-TMH |
| | )             [WO] |
| DR. PEASANT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, complains that Defendants failed to provide him with adequate medical care for a foot infection which resulted in the loss of several toes on his right foot. Defendants named to this action are Dr. John Peasant and Nurse Dorothy Davis. Plaintiff seeks damages and requests trial by jury.

Pursuant to the orders of this court, Defendants filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint. In this report, Defendants assert that Plaintiff is entitled to no relief on his claim of inadequate medical care and argue that this case is due to be dismissed because Plaintiff has failed to exhaust an administrative remedy available to him as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that, with respect to the claims presented in the instant complaint, Plaintiff has failed to exhaust the administrative remedies available to him at the Ventress Correctional Facility via the prison's health care grievance

procedure, as he has failed to file any type of grievance about the allegations made the basis of his complaint. (*Doc. No. 10, Plaintiff's Medical Records, Davis Affidavit.*)

In accordance with the orders of the court, Plaintiff was informed that Defendants' written report may, at any time, be treated as a dispositive motion, and the court explained to Plaintiff the proper manner in which to respond to such motion. This case is now pending before the court on Defendants' motion to dismiss. (*Doc. No.10.*) Upon consideration of Defendants' dispositive motion and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion to dismiss is due to be granted and this case against them dismissed without prejudice as Plaintiff failed to exhaust an available administrative remedy.

## I. DISCUSSION

The Eleventh Circuit has held that "[b]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense ... is not ordinarily the proper subject for summary judgment; instead, it should be raised in a motion to dismiss ..." *Bryant v. Rich,* 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotation marks omitted). The court determined that a district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record. *Id.* at 1376. Accordingly, parties may submit documentary evidence concerning the exhaustion issue, and doing so will not require the conversion of the

motion to dismiss into a summary judgment motion. *Id*. at 1377 n. 16.

Plaintiff challenges the constitutionality of medical care provided by Defendants with regard to an infection he developed in his right foot which ultimately required amputation of several toes. In response to the complaint, Defendants maintain that this case is subject to dismissal because Plaintiff failed to exhaust properly the administrative remedy provided at the Ventress Correctional Facility prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126

S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires *proper exhaustion*." *Id*. at 2387 (emphasis added).

The Supreme Court in *Woodford* determined "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384.  The Court further explained "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386.  This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Id*. at 2388.  Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme."  *Id*. Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance

procedure. *See Booth,* 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer,* 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody); *see also Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999).

In support of their exhaustion argument, Defendants show that, at all times relevant to this litigation, the Ventress Correctional Facility had available an inmate grievance procedure for inmates who have concerns/complaints with the provision of health care afforded them at the facility. (*See Doc. No. 10, Davis Affidavit*.) This grievance procedure is open to all Ventress Correctional Facility inmates, including Plaintiff. ( *Id*.) Defendants maintain that Plaintiff did not exhaust the inmate grievance procedure regarding the matter made the subject of his complaint prior to filing this civil action. (*Id*.) To support this assertion, Defendants have offered declarations and records which make it clear that Plaintiff failed to file any grievance with respect to his claim of inadequate medical care in satisfaction of the exhaustion requirement. (*Id. and Plaintiff's Medical Records*.) Plaintiff has provided nothing to refute or explain Defendants' evidence showing that he failed to comply with prison's grievance procedure for matters associated with inmate complaints concerning the provision of health care.

There is no dispute of material fact that Plaintiff failed to exhaust his administrative

remedies with respect to his claim of inadequate medical care against Defendants. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The court, therefore, concludes that the claims presented in this cause of action are subject to summary dismissal without prejudice, as Plaintiff has failed to exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by Defendants (*Doc. No. 10*) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Ventress Correctional Facility.

2. This case be DISMISSED without prejudice pursuant to the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Ventress Correctional Facility.

3. No costs be taxed herein.

It is further

ORDERED that on or before **March 8, 2012,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of February, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE